## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILMAN PULIDO-RODRIGUEZ,** | : | **No. 3:13cv3086** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **MARY SABOL, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Karoline M. Mehalchick's report and recommendation (hereinafter "R&R").  (Doc. 9).  The R&R proposes denying Petitioner Wilman Pulido-Rodriguez's (hereinafter "petitioner") petition for a writ of habeas corpus.  (Doc. 1).  Petitioner filed objections to the R&R (Doc. 11), and they are ripe for disposition.

## Background

Petitioner, a native and citizen of Columbia, is currently in the custody of U.S. Immigration and Customs Enforcement (hereinafter "ICE") at York County Prison, in York, Pennsylvania.  Petitioner first entered the United States on or about July 26, 1981 and was admitted as a temporary resident on April 21, 1988.  (Doc. 7, Resp. to Pet. at 8).  On October 27, 1994, petitioner was convicted in the Philadelphia Court of Common Pleas of: Murder in the Third Degree; Criminal Conspiracy; and Possessing

Instruments of a Crime (firearm).  (Id.; see also Doc. 7-1, Ex. 1, Not. to

Alien of Custody Rev. at 24-28).  Petitioner was sentenced to consecutive

sentences of not less than ten years and not more than twenty years in

prison.  (Doc. 7, Resp. to Pet. at 8).

On August 2, 2000, the Immigration and Naturalization Service

(hereinafter "INS")[1] issued petitioner a Notice of Intent to Issue Final

Administrative Removal Order.  (Doc. 7-1, Ex. 1, Not. to Alien of Custody

Rev. at 29-30).  In the Order, INS alleged that petitioner was deportable

under the Immigration and Nationality Act (hereinafter "INA") as an alien

who had been convicted of aggravated felonies.  (Id.; see also 8 U.S.C. §

1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)).  On August 8, 2000, INS

determined petitioner was removable.  (Doc. 7-1, Ex. 1, Not. to Alien of

Custody Rev. at 31 ).

On December 4, 2012, petitioner completed his state prison

sentences and was transferred to DHS custody.  (Doc. 7, Resp. to Pet. at

---

[1]  Pursuant to the Homeland Security Act of 2002, the INS
enforcement functions were transferred to the Department of Homeland
Security's (hereinafter "DHS") Immigration and Customs Enforcement and
Customs and Border Protection. Its service functions were transferred to
DHS's Citizenship and Immigration Services. See The Homeland Security
Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135 (Nov. 25, 2002);
see also Dia v. Ashcroft, 353 F.3d 228, 236 n.3 (3d Cir. 2003).

9).  Subsequently, petitioner filed an application for deferral of removal under the Convention Against Torture Act (hereinafter "CAT") asserting that he has a reasonable fear of persecution or torture in Columbia.  (Doc. 7-1, Ex. 1, Not. to Alien of Custody Rev. at 36-38).  On February 5, 2013, petitioner participated in a reasonable fear interview and later was informed that the interview resulted in a negative reasonable fear determination.  (Id.)

On April 1, 2013, petitioner requested an immigration judge review the determination that he did not have a reasonable fear of persecution or torture in Columbia.  (Id. at 33).  Three days later, on April 4, 2013, petitioner requested that his hearing be continued so that he could obtain documents from the reasonable fear interview.  (Id. at 18-19).  On May 17, 2013, DHS provided petitioner with "DHS Notice of Readiness and Objection to Continuances," informing him that any continuances granted by the immigration judge may prolong his detention.  (Id. at 21).  On June 25, 2013, petitioner's motion to reset the date of his hearing was granted.  (Id. at 16).  Following a merits hearing on August 21, 2013, an immigration judge denied petitioner's application for a CAT deferral.  (Id. at 7-14).  Petitioner then appealed that decision to the Board of Immigration Appeals

3

(hereinafter "BIA").[2]

On December 26, 2013, petitioner filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Section 2241")

challenging the legality of his mandatory detention.  (Doc. 1, Petition).

Petitioner asserts that the current INA provisions do not apply to him and

even if they do, his continued detention violates both the INA provisions

and his constitutional due process rights.  His petition was screened by

Magistrate Judge Mehalchick and on March 4, 2014, Judge Mehalchick

directed Respondents to show cause why relief should not be granted.

(Doc. 4).  On March 25, 2014, Respondents filed a response to the

petition.  (Doc. 7).  On April 2, 2014, petitioner filed a traverse (Doc. 8),

---

[2]  Subsequent to the filing of his habeas corpus petition, the BIA dismissed petitioner's appeal and issued a final order of removal on January 10, 2014.  (Doc. 7-1, Ex. 1, Not. to Alien of Custody Rev. at 2-4). On January 17, 2014, petitioner filed a petition for review of the BIA's final order of removal with the Third Circuit Court of Appeals.  (Doc. 7, Res. to Pet. at 10); Pulido-Rodriguez v. U.S. Attorney General, Docket No. 14-1141 (3d Cir. 2014).  On January 24, 2014, the Third Circuit entered a temporary stay of removal.  (Id.)
    On March 6, 2014, Respondents filed a motion with the Third Circuit Court of Appeals to expedite consideration of Respondents' motion to dismiss and petitioner's request for a stay of removal.  (Id.)  On March 17, 2014, the Third Circuit granted petitioner's motion for a stay of removal; denied Respondent's motion to expedite; and referred the Respondent's motion to dismiss to a merits panel.  (Id.)  Petitioner's appeal in the Third Circuit remains pending.

making the matter ripe for an R&R.

On April 8, 2014, Magistrate Judge Mehalchick issued an R&R, recommending the court deny the instant petition for a writ of habeas corpus for two reasons.  First, petitioner is subject to the mandatory detention provisions of INA § 236(c).  Second, petitioner failed to establish a due process violation.  On April 28, 2014, petitioner filed objections to Magistrate Judge Mehalchick's recommendations.  (Doc. 11).  For the following reasons, petitioner's objections will be overruled and his petition for a writ of habeas corpus will be denied.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

5

**Discussion**

Magistrate Judge Mehalchick recommends denying petitioner's habeas corpus petition.  Petitioner has filed three objections to the magistrate judge's recommendation.  Petitioner objects to the recommendations that he: (A) is being legally subjected to mandatory detention pursuant to the mandatory detention provisions of INA § 236(c); and (B) failed to establish a due process violation regarding his mandatory detention.  We will address the objections *in seriatim*.[3]

### A. Retroactive application of the detention provisions of INA § 236(c)

Petitioner's first objection is that the magistrate judge erred in finding that his mandatory detention is legal.  Specifically, petitioner contends that his detention is illegal because the mandatory detention provisions of INA § 236(c), relating to criminal aliens, were impermissibly retroactively applied to him.  Petitioner asserts that because he was convicted of a state

---

[3] Petitioner also argues that he was unlawfully declared removable by ICE because his third degree murder conviction does not constitute a removable offense under current INA provisions.  This Court lacks jurisdiction over this contention under 8 U.S.C. § 1252.  See Verde-Rodriguez v. Attorney Gen. U.S., 734 F.3d 198, 201 (3d Cir. 2013) (explaining that habeas corpus relief is not available in the district courts for aliens seeking to challenge orders of removal and such relief must be sought in the Third Circuit Court of Appeals).

aggravated felony charge in 1994, prior to the enactment of the present INA § 236(c)(hereinafter "Section 236(c)") provisions in 1998, the provisions do not apply to him.  Petitioner's contention, however, is without merit because his release date from state custody, December 2012, not the date of his conviction, determines whether Section 236(c) applies.

Section 236(c) was enacted as Section 303(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). See IIRIRA, Pub. L. No. 104-208, § 303(a), 110 Stat. 3009 (1996), codified at 8 U.S.C. § 1226(c).  Section 303(b) of IIRIRA applies to individuals released after October 8, 1998.  See Aguasvivas v. Elwood, 2013 WL 1811910, at *2-4 (D.N.J. Apr. 29, 2013).  Section 236(c) provides that "[t]he Attorney General shall take into custody any alien who" is deportable from the United States because he has been convicted of a crime or crimes specified in the provision.

In the present matter, the parties do not contest that petitioner's aggravated felony conviction occurred in 1994. The former INS determined that petitioner's conviction for third degree murder constituted an offense covered under INA § 237(a)(2)(A)(iii), and a final administrative removal order was entered on August 8, 2000.  (Doc. 7-1, pp. 29-31).  Petitioner

was released from state custody to ICE custody on December 4, 2012.

(Doc. 7, at 9).

Petitioner now argues, notwithstanding his December 2012 **release**,

that the provisions of Section 236(c) were impermissibly retroactively

applied to him because his **conviction** for the underlying removable

offense occurred prior to the enactment of the current provisions.  Relying

on Landgraf v. USI Film Products, 511 US 244, 270 (1989), petitioner

asserts that for a statute to be applied retroactively to "events completed

before its enactment," the statutory language must specifically require that

it be applied retroactively.  (Doc. 11, Pet.'s Objs. to Rep. & Rec. at 8-9).

Petitioner is misguided in his assertion, however, because the

mandatory detention provisions of Section 236(c) are not being applied to

him for "events completed before its enactment."  Rather, the provisions

are being applied to him pursuant to the date that he completed his prison

sentence on his aggravated felony conviction, December 2012, long after

the enactment of Section 236(c).  Indeed, Section 236(c) "does not

retroactively apply to aliens who were released from custody prior to its

effective date."  Cox v. Monica, No. 07-0534, 2007 WL 1804335, at *5

(M.D. Pa. June 20, 2007) (stating that the petitioner's release from criminal

custody prior to the effective date of Section 236(c) forbade him from being

subjected to the mandatory detention provision.).  The provisions do,

however, apply to aliens who were released from custody after the

effective date.  Matthias v. Hogan, No. 07-1987, 2008 WL 913522, at *6

(M.D. Pa. Mar. 31, 2008) (clarifying that the date of a criminal alien's

**release** from state criminal custody on the conduct subjecting him to

removal determines whether Section 236(c) applies.)

Turning to the present action, petitioner's release from state criminal

custody on the aggravated felony offenses which subjected him to removal

proceedings was well after the effective date of Section 236(c), October 8,

1998.  Petitioner was released from state custody and transferred to DHS

on December 4, 2012.  Pursuant to Matthias, the petitioner is subject to

mandatory detention under Section 236(c), as his release date on his

aggravated felony sentence was after the effective date of Section 236(c),

notwithstanding the fact that he was convicted of the offenses in 1994.  As

such, petitioner is being legally subjected to the mandatory detention

provisions of Section 236(c).

**B. Due Process**

In his final objection, petitioner argues that the magistrate judge erred

in finding that he failed to establish a due process violation concerning his mandatory detention.  Specifically, petitioner contends that his detention has been unreasonably and unconstitutionally prolonged in violation of the Fifth Amendment to the United States Constitution.  After careful review, we disagree with petitioner's contention as the record demonstrates that his detention does not yet raise constitutional issues.

The Supreme Court of the United States held that 8 U.S.C. § 1226(c)(1)(B)'s mandatory detention provision does not violate due process.  Demore v. Kim, 538 U.S. 510 (2003).  In considering the mandatory detention provision, the Demore Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent may be detained for the brief period necessary for their removal proceedings." Demore, 538 U.S. at 513.

While Demore holds that mandatory detention of certain criminal aliens pending removal proceedings does not, by itself, offend due process, the Court based this ruling upon its understanding of the short, fixed and finite term of any detention prior to removal.  Id. at 529-31.

10

Courts still have an independent responsibility to assess whether the duration of any mandatory detention is so extended and unreasonable as to violate due process.  See, e.g. Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005); Ly v. Hanson, 351 F.3d 263 (6th Cir. 2003); Prince v. Mukasey, 593 F.Supp.2d 727 (M.D. Pa. 2008).

Excessive detention claims are examined by a "two step-process: a reviewing court must first determine that a detention has been unreasonably long, and following such a determination, must determine whether the unreasonable detention is necessary to fulfill § 1226's purposes." Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269-70 (3d Cir. 2012).  In conducting this two-step analysis, courts have declined to adopt any simple bright-line rule defining what constitutes an unreasonable delay.  Diop v. ICE/Homeland Sec., 656 F.3d 221, 234 (3d Cir. 2011).  In assessing these claims, courts first look at the duration of the detention. Generally, pre-removal detentions spanning a period of months do not present substantial constitutional issues.  See Demore, 538 U.S. at 531(6 months detention).

Further, when weighing claims of excessive delay, courts also consider the reasons for the delay in removal, and who bears responsibility

11

for that delay. Ryan v. Decker, No. 13-682, 2013 WL 3973074, at *6 (M.D. Pa. July 31, 2013). Detention periods of up to two years have been sustained by the courts where a criminal alien was subject to mandatory detention and much of the pre-removal delay was a function of that criminal alien's litigation decisions during removal proceedings, including the alien's decision to appeal to the BIA. See Jah v. Attorney General, 258 F. App'x 394 (3d Cir. 2007); Tavares v. Attorney General, 211 F. App'x 127 (3d Cir. 2007). Where the delay is attributable to actions taken by the alien in the course of litigating the removal proceedings, courts typically will not hold the government accountable for that delay when conducting a due process analysis. Demore, 538 U.S. at 531, n.15.

In the instant case, as established previously, petitioner's convictions give rise to the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B) and petitioner's pre-removal delay does not offend due process. Petitioner was transferred to DHS custody on December 4, 2012. Due to petitioner's filings, a final administrative order was continuously delayed. Specifically, petitioner requested a deferral of removal under CAT; he requested the immigration judge review that order; he requested a continuance of that hearing; and he appealed the decision to the BIA. On January 10, 2014,

12

the BIA issued a final order of removal, and thus post-final judgment removal proceedings were to begin.

Moreover, according to Respondents, they had already begun the process of securing documentation for petitioner's removal when petitioner appealed to the Third Circuit. (See Doc. 7-1, Ex. 1, Not. to Alien of Custody Rev. at 32).  Because petitioner appealed to the Third Circuit, the final order was essentially "revoked" and no final order has yet been entered due to petitioner's current appeal.  See 8 U.S.C. § 1231(a)(1)(B)(ii) ("The removal period begins on the latest of the following . . . [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.").

Accordingly, any delay in petitioner's detention has largely been a function of petitioner's litigation choices and decisions in these removal proceedings.  While petitioner's litigation choices may be understandable, the delays will not be held against the government.  See Demore, 538 U.S. at 531, n.15.  For these reasons, the duration of petitioner's detention pending removal, standing alone, does not raise constitutional concerns at this time since much of this period involves delays initiated by petitioner. Further, the continued duration of this detention appears both fixed and

13

finite as the removal case should be promptly resolved by the Third

Circuit's pending decision.  As such, we find that petitioner has not

presented a valid claim that he has been subjected to an unconstitutionally

excessive period of pre-removal delay.  Therefore, petitioner's objection

will be overruled at this time and the magistrate judge's recommendation

that his petition be denied without prejudice to future requests if petitioner's

continued detention becomes sufficiently prolonged to trigger constitutional

concerns will be adopted.

**Conclusion**

For the reasons stated above, the court will overrule petitioner's

objections and adopt the report and recommendation.  The court finds that

petitioner was not illegally subjected to mandatory detention and that his

detention was not unreasonably or unconstitutionally prolonged.

Accordingly, petitioner's petition for a writ of habeas corpus will be denied

without prejudice to renewal at such time, if any, that the delay and

detention become unreasonable and excessive.  An appropriate order

follows.

**Date**: <u>August 1,2014</u>                    **s/ James M. Munley**
                                                   **JUDGE JAMES M. MUNLEY**
                                                   **United States District Court**

14